IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RIAN DUNDON**, | Case No. 3:22-cv-594-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **GABRIEL RUSSELL**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff Rian Dundon (Dundon) is a journalist who from June 2020 through November 2020 was on assignment as a reporter for the Economic Hardship Reporting Project, working on stories for *The Atlantic*, *The New Yorker*, *Al Jazeera*, *The Nation*, and the *Washington Post*. In that role, he covered the protests in Portland, Oregon. He brings this case against federal law enforcement supervisory officials Gabriel Russell, Allen Jones, Russel Burger, and Andrew Smith (collectively, Named Defendants), 70 John Doe law enforcement supervisory officers, and 30 John Doe law enforcement non-supervisory officers. Dundon alleges claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), asserting violations of his First, Fourth, and Fifth Amendment rights.

Before the Court are two motions to dismiss filed by the Named Defendants and a motion to amend the complaint filed by Dundon. The Named Defendants seek to dismiss the claims filed

PAGE 1 – ORDER

against them and argue that amendment of those claims is futile because Dundon is unable to state a *Bivens* cause of action under the Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), and the Ninth Circuit's recent decision in *Pettibone v. Russell*, 59 F.4th 449 (9th Cir. 2023), for which en banc review was denied on April 14, 2023. Dundon seeks to add a claim under the Federal Tort Claims Act (FTCA) against the United States.

**A.  Motion to Dismiss**

Regarding the Named Defendants' motions to dismiss, Dundon argues that although his claim under the First Amendment arises in a new context under *Bivens*, the key question posed in *Egbert* is whether Congress or the court is better suited to authorize the damages remedy at issue. *Egbert*, 142 S. Ct. at 1807. Dundon argues that in the context of freedom of the press and the First Amendment, based on other Supreme Court First Amendment jurisprudence and based on the history of Congress abridging the freedom of the press, it is the judicial branch and not Congress that is better suited to create a damages remedy when the government violates the foundational and critical constitutional right of freedom of the press. Although the Court recognizes the articulate and well-researched advocacy put forth by Dundon, this Court must follow the binding precedent of *Pettibone*, *Egbert*, and *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), all of which instruct that if the *Bivens* claim presents a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Pettibone*, 59 F.4th at 455 (quoting *Egbert*, 142 S. Ct. at 1803).

In *Pettibone*, the Ninth Circuit held that one of the "special factors" that precluded a *Bivens* remedy was the availability of an alternative remedial structure, including the ability to "report any alleged misconduct to the Inspector General of the Department of Homeland Security." *Id.* at 456. The Ninth Circuit concluded that "[j]ust as the availability of such a

PAGE 2 – ORDER

grievance procedure precluded a *Bivens* action in *Egbert*, so too does it preclude a *Bivens* action in this case." *Id.* at 457. The same type of alternative remedies are available for the marshal's service and the border patrol. *See, e.g.*, *Pettibone v. Russell*, Case No. 3:20-cv-1464-YY, Findings and Recommendation (Sept. 22, 2022) (ECF 205 in that docket, at 20-23) (discussing alternative remedial structures).

The Ninth Circuit also found in *Pettibone* that the senior status of Russell cautioned against a *Bivens* remedy as a second special factor. *Pettibone*, 59 F.4th at 456 (concluding that Russell's "alleged violations consisted of his exercise of broad control over a multi-agency operation carried out to protect federal property as directed by an executive order. His decisions in that role cannot be disentangled from how he was interpreting and implementing policy developed by his superiors at the higher levels of the Executive Branch"). The other Named Defendants have similar senior supervisory roles. Thus, Dundon's First Amendment *Bivens* claim fails.

For his Fourth Amendment claim, Dundon argues that his claim does not arise in a new context, but *Pettibone* defeats that argument. The Ninth Circuit held that Fourth Amendment allegations for a supervisory employee in the context of responding to protests presents a new context for a *Bivens* claim. This claim then suffers from the same "special factor" defects as Dundon's First Amendment claim—the availability of an alternative remedy and the supervisory status of the defendants causing separation of powers concern. Dundon does not specifically address his Fifth Amendment claim under *Bivens*, but that, too, arises in a new context and is subject to the same special factors. Thus, Dundon fails to state a claim for relief under *Bivens*. The Court grants the Named Defendants' motion to dismiss Dundon's *Bivens* claims against them.

PAGE 3 – ORDER

**B. Motion to Amend**

Dundon seeks to amend to add a claim against the United States under the FTCA.[1] Otherwise, the First Amended Complaint retains the claims against the John Doe and the Named Defendants. The Named Defendants do not specifically object to the added FTCA claim against the United States, but object to the continued claims against them. Because the Court grants the motions to dismiss brought by the Named Defendants, the Court denies Dundon's request to file the First Amended Complaint in its current iteration. Dundon has leave to file a First Amended Complaint that alleges the FTCA claim against the United States, but may not include the *Bivens* claims against the Named Defendants or the John Doe defendants. At this stage in the litigation, Dundon has not alleged facts that support a *Bivens* cause of action against any law enforcement personnel.

**C. Conclusion**

The Court GRANTS Defendant Smith's Motion to Dismiss, ECF 17, and Defendants Russell, Burger, and Jones' Motion to Dismiss, ECF 18. The Court GRANTS IN PART Dundon's Motion for Leave to File First Amended Complaint, ECF 23. Plaintiff may file a First Amended Complaint within 14 days of this Order adding claims against the United States under the FTCA, but may not allege *Bivens* claims in the First Amended Complaint.

**IT IS SO ORDERED.**

DATED this 20th day of April, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[1] The Court reminds Dundon of Local Rule 15-1(b), which requires that a motion to amend a complaint be accompanied by a copy of the amended pleading that shows through redline or other similar means the changes from the previous version of the pleading.